UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAJHON WILSON,

    Plaintiff,

v.                                    Case No. 3:21cv968-LC-HTC

S. NORRIS CAPTAIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Presently before this Court is Plaintiff Tajhon Wilson's *pro se* complaint bringing an action under 42 U.S.C. § 1983 for alleged violation of his civil rights. Upon consideration of Wilson's complaint and litigation history, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Wilson is a three-striker barred from proceeding *in forma pauperis* who failed to pay the requisite filing fee upon initiating suit.

According to Local Rule 5.3, when a party files a civil case, they must "simultaneously" either pay the full fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*. N.D. Fla. Loc. R. 5.3. In this case, Plaintiff did not pay the full filing fee or file a motion to proceed *in forma pauperis*.

Regardless, because Plaintiff is a 3-striker, he is prohibited from proceeding *in forma pauperis*.

> Section 1915(g) of the Prison Litigation Reform Act, provides as follows:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner's complaint warrants dismissal without prejudice if, while barred from proceeding *in forma pauperis,* the prisoner fails to pay the filing fee at the time he or she initiates the lawsuit. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). Thus, because Plaintiff did not pay the full filing fee when he filed his complaint, it should be dismissed.

The only exception to the three strikes rule is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). To meet the imminent danger exception, the prisoner's allegations must present a danger of serious physical injury *at the time*

*of filing*; allegations that the prisoner faced danger in the past are insufficient. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 2021). As discussed below, Plaintiff is a 3-striker and does not meet this exception.

Plaintiff is a Florida inmate currently confined at Suwannee Correctional Institution and was incarcerated at the time this suit was filed. Plaintiff acknowledges in the "Prior Litigation" section of the complaint, and this Court has verified, he had accrued three strikes at the time he filed the instant action on August 13, 2021. ECF Doc. 1 at 1. The Court takes judicial notice of the following:

On October 19, 2015, the court dismissed *Wilson v. Gualtieri*, 8:15cv1578/CEH/AEP for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A. On May 7, 2020, this Court dismissed *Wilson v. Culpepper*, 3:20cv5155/MCR/HTC, as malicious pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. On June 11, 2020 the court dismissed *Wilson v. Bearden*, 3:20cv5260/LAC/EMT, also filed in this district, as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Moreover, Wilson has not alleged he is "under imminent danger of serious physical injury," nor could he. 28 U.S.C. § 1915(g). The crux of Plaintiff's

---

[1] The Court also notes that at about the same time Plaintiff filed the instant action, Plaintiff also filed a second action, *Wilson v. Bearden*, 321cv967MCREMT, and that a report and recommendation has been issued in that case, recommending dismissal on the same ground as set forth herein.

Case No. 3:21cv968-LC-HTC

complaint is that Defendant used excessive force against him in May 2021, while Plaintiff was at Santa Rosa Correctional Institute. Specifically, Wilson alleges Defendant ignored Plaintiff's complaints of suicidal thoughts and, instead, sprayed Plaintiff's face with chemical agents, causing Plaintiff to have impaired vision. These complaints, even if proven, relate to a past danger, arising out of a single event, that occurred at a different institution. Therefore, Plaintiff is not in imminent danger of serious physical injury.

Because Plaintiff is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g) and did not remit the filing fee when he initiated this action, his case is due to be dismissed. *Vanderberg v. Donaldson*, 259F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) who failed to prepay the filing fee.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 25th day of August, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv968-LC-HTC